**Ernest J. RISSMAN et al., Appellants,**

v.

**R. C. LANNING et al., Appellees.**

No. 10289.

Court of Civil Appeals of Texas.

Austin.

Feb. 16, 1955.

Robert B. Thrasher, Austin, for appellant.

John Ben Shepperd, Atty. Gen., W. V. Geppert, Marietta McGregor Payne, Asst. Attys. Gen., for all appellees except Augusta L. Wende.

Trenckmann & Trenckmann, Austin, for Augusta L. Wende.

GRAY, Justice.

This suit was brought by appellants to construe paragraphs 4 and 6 of the last will and testament of John C. Wende, deceased. It is the contention of appellants that said paragraphs are void for the reason that the trust created thereby is a perpetuity and not a charitable trust.

Appellants and appellees filed motions for summary judgments. Appellees' motion was granted and a judgment was rendered decreeing that the trust created by paragraphs 4 and 6 is a valid charitable trust.

The portions of paragraphs 4 and 6 of the will pertinent here together with paragraph 5 read:

"4. To the Board of Control of the State of Texas and its successors in office, in trust, for the State Orphans' Home now operated for the benefit of orphans of the State of Texas at Corsicana, Texas, or such other orphans home as may be operated by the State of Texas and selected by the Board of Control, I give, devise and bequeath in trust for the use and benefit of said orphans and subject to the conditions herein set out, the use, rents and revenues and income of the following described tracts of land out of a tract of two and sixty-one hundredths (2.61) acres in the Isaac Decker League in the City of Austin, Travis County, Texas, to-wit:

"* * * the use, rents, revenues and income of said property being hereby willed for the benefit of said orphans forever and in perpetuity, it being my intention that said property shall not be sold but is to be used for the benefit of such orphans as the Board of Control and its successors may deem advisable and in perpetuity.

"5. All the rest and residue of my property and estate of any and all kinds, including all of my community estate, I give, devise and bequeath to my wife, Augusta L. Wende, so long as she may live, and together with the right to use, sell or dispose of any part of the corpus and principal of said property as she may desire.

"6. After the death of my said wife, Augusta L. Wende, all of said rest and residue of my property above mentioned not otherwise disposed of by her (except the property described in Clause 4, no part of which shall ever be sold) shall be sold and liquidated and put in the form of cash money by any executor hereinafter named, and all of said money, including the proceeds of the sale of all of said rest and residue, I hereby give, devise and bequeath to the said Board of Control of the State of Texas and its successors in office in trust for said orphans' home, or such other orphans' home as may be operated by the State of Texas and selected by the Board of Control, the said Board of Control and its successors are to keep said fund and monies invested for the benefit of said orphans' home, and the income of said fund to be used for said home in perpetuity, it being intended by this will to constitute said rest and residue of the property mentioned in Clause 5 above remaining after the death of my said wife and not otherwise disposed

of by her, as a fund for the benefit of said orphans' home."

The question presented is: Does the will create a charitable trust? If it does then the constitutional inhibition against perpetuities does not apply. Paschal v. Acklin, 27 Tex. 173, 174, 197; Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749.

Appellants say that the Orphans' Home named in the will is not a charitable institution because it is created and supported by the State; it is a ward of the State and cannot be considered a charity or charitable institution.

In Restatement of the Law of Trusts, Vol. 2, Sec. 368, p. 1140, it is said that:

"Charitable purposes include

"(a) the relief of poverty;

"(b) the advancement of education;

"(c) the advancement of religion;

"(d) the promotion of health;

"(e) governmental or municipal purposes;

"(f) other purposes the accomplishment of which is beneficial to the community."

and under "Comment a" it is stated:

"The common element of all charitable purposes is that they are designed to accomplish objects which are beneficial to the community."

The State has assumed the obligation to maintain and support its orphans. See Constitution, Art. 7, § 9, Vernon's Ann. St., and Arts. 3208–3211, Vernon's Ann. Civ.St. This obligation by the State must be discharged by the expenditure of public funds and a gift that relieves the whole citizenship of its burden to the extent of the gift is a gift to a public charity. Bell County v. Alexander, 22 Tex. 350, 351, 364; Powers v. First Nat. Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273, 280. In this latter case the court said:

"The orphan has always presented a strong appeal to charitable impulse. If there was ever any question in Texas as to whether an orphan, regardless of his race, color or creed and irrespective of what church or organization claimed the membership of his parents, has an undeniable claim to public charity, we think the same was set at rest by the adoption in 1937 of sec. 51d, art. 3, of the Constitution, authorizing the legislature to appropriate as much as one million five hundred thousand dollars per annum to provide financial assistance to destitute children under fourteen years of age, the necessary funds, of course, to be raised by taxation. Relief of destitute children has thus been declared to be a matter of fundamental public policy and obligation. It follows, therefore, that any gift designed to sustain and nurture an orphan tends to discharge a public obligation, to lighten the public burden and to lessen taxes the citizen must pay, because a vast majority of the orphans admitted to homes such as the one described in Mrs. Hofstetter's will are destitute, else they would not be there."

The fact that the trust created by the will will work a benefit to the State and will inure to the benefit of an institution supported by the State does not change its charitable nature.

The judgment of the trial court is affirmed.

Affirmed.